# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1414V
UNPUBLISHED

| | |
|---|---|
| WADE ALLEN MARTIN,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: May 31, 2022<br><br>Special Processing Unit (SPU);<br>Petitioner's Motion for a Decision<br>Dismissing the Petition; Influenza<br>(Flu) Vaccine; Guillain-Barre<br>Syndrome (GBS) |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Meghan Murphy*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

On October 19, 2020, the eve of the expiration of the Vaccine Act's statute of limitations,[2] Wade Allen Martin filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[3] (the "Vaccine Act"), alleging (under the Vaccine Act Table) that he suffered Guillain-Barré syndrome ("GBS") after receiving an influenza ('flu") vaccine on October 20, 2017. Petition at 1.

On August 6, 2018, Respondent filed a Rule 4(c) Report, arguing that Petitioner's injury does not meet the Table definition for GBS following a flu vaccine, because his

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] In cases involving a vaccine administered after October 1, 2018, which did not result in death, to be timely filed, a petition must be filed within "36 months after the date of the occurrence of the first symptom or manifestation of onset or significant aggravation of such injury." Section 16(a)(2).

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

symptoms began prior to vaccination, and because his condition does not meet the additional criteria set forth in the Qualifications and Aids to Interpretation ("QAI"). Rule 4(c) Report at 11-12, ECF No. 28; *see* 42 C.F.R. § 100.3(a) XIV.D. (2017) (Table entry for GBS requiring onset within three to 42 days after vaccination); 42 C.F.R. § 100.3(c)(15) (QAI for GBS). Specifically, Respondent maintained that even if onset can be shown to have occurred within an appropriate time frame, Petitioner experienced fluctuations and relapses more than nine weeks thereafter, and there is a more likely diagnosis for Petitioner's condition. Rule 4(c) Report at 12; *see* 42 C.F.R. § 100.3(c)(15)(i) & (v) (indicating there must not be a recurrence of symptoms more than nine weeks after onset or a more likely diagnosis).

After concluding that, based upon the record as it currently stood, I could not find that Petitioner's injury met the criteria for a Table GBS injury or that it was caused by the flu vaccine he received, I issued an order directing Petitioner to show cause why his claim should not be dismissed. Order to Show Cause, issued Aug. 30, 2021, at 3, ECF No. 30. Specifically, the current record supported a finding that the onset of Petitioner's symptoms occurred prior to vaccination and that he did not suffer from vaccine caused GBS as alleged. *Id.*

After receiving several extensions of time to response to my order, on May 31, 2022, Petitioner moved for a decision dismissing her petition. ECF No. 37.  Petitioner indicates that he "has chosen not to move forward with his petition for compensation, . . . has been advised that such a judgment will end all of [his] rights in the Vaccine Program . . . [and that he] intends to elect to reject the Vaccine Program judgment against her and elect to file a civil action." *Id.* at ¶¶ 1-3.

To receive compensation under the Program, Petitioner must prove that he received a vaccine covered by the Vaccine Program and then suffered either 1) a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or 2) an injury that was actually caused by a covered vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. Section 13(a)(1).

In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that Petitioner suffered GBS which either meets the Table definition or was caused-in-fact by the flu vaccine he received. For these reasons, and in accordance with Section 12(d)(3)(A), **Petitioner's claim for compensation is DENIED**

and this case is **<u>DISMISSED</u>** for insufficient proof.  The Clerk shall enter judgment accordingly.[4]

**IT IS SO ORDERED.**

                                        **<u>s/Brian H. Corcoran</u>**
                                        Brian H. Corcoran
                                        Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.